**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| DINA KLEIN, and<br>MICHAEL KLEIN<br><br>Plaintiffs,<br><br>v.<br><br>STEWART ZLIMEN & JUNGERS,<br>LTD.,<br><br>Defendant. | Civil Nos. 18-658, and 18-710 (JRT/ECW)<br><br>**MEMORANDUM OPINION AND ORDER** |

Darren Brayer Schweibert, Esq., **DBS LAW LLC**, 301 Fourth Avenue South, Suite 280N, Minneapolis, Minnesota 55415, for plaintiffs.

Brad D. Welp, Esq., **STEWART, ZLIMEN & JUNGERS**, 2860 Patton Road, Roseville, Minnesota 55113, for defendant.

Plaintiffs Michael Klein ("Michael") and Dina Klein ("Dina") (collectively the "Kleins") instituted these two similar actions against Stewart Zlimen & Jungers ("Stewart"), a law firm engaged in debt collection for Allina. Although the two cases are separate, they present nearly identical facts and legal issues, and will be examined together. The Kleins brought these actions alleging that Stewart violated the Fair Debt Collection Practices Act ("FDCPA") on multiple occasions. Stewart moved for judgment on the pleadings as to all claims alleged by the Kleins. The Court finds that the Kleins have satisfied their burden of pleading for the following four claims (1) Stewart bringing a collection lawsuit in an attempt to collect a debt not authorized by contract or law in

violation of 15 U.S.C. § 1692f(1); (2) Stewart making a false representation regarding ownership of an alleged consumer debt in violation of 15 U.S.C. § 1692e; (3) Stewart suing on behalf of a party who lacked standing in violation of 15 U.S.C. § 1692f(1); and (4) Stewart suing under an account stated theory in the absence of a statement of account in violation of 15 U.S.C. § 1693e and 1692f(1) because the Kleins have plead sufficient facts to show that relief is plausible on its face. Thus, the Court will deny the motion as to those claims. The Court will, however, grant the motion for two claims. First, the Court will grant the motion as to the claim that Stewart violated the FDCPA by seeking statutory interest in its conciliation court case against Dina and dismiss the claim with prejudice. The Eighth Circuit has held that collecting statutory interest does not violate the Minnesota law, and thus the FDCPA is not violated. The Kleins do not allege any harassing, oppressive, or abusive conduct by Stewart in violation of § 1692d, thus the Court will grant the motion and dismiss the claim without prejudice. The Kleins may plead additional facts to support such a claim should they choose.

## BACKGROUND

On July 20, 2017 the Kleins each received a letter ("July Letter") from Stewart advising them that Stewart was attempting to collect on debt owed by the Kleins. (Civ. No. 18-658, Docket No. 1, Compl. ("Dina Compl.") ¶ 6; Civ. No. 18-710, Docket No. 1, Compl. ("Michael Compl.") ¶ 6.) The Kleins allege that Stewart regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. (Dina Compl. ¶ 5; Michael Compl. ¶ 5.) The two letters and their attachments addressed to the Kleins show the account balance, file number, dates for charges, account

numbers, and that Stewart's client is Allina. (Civ. No. 18-658, Docket No. 6–7, Answer ("Dina Answer") ¶ 5, Exhibit A; Civ. No. 18-710, Docket No. 9–10, Answer ("Michael Answer") ¶ 5, Exhibit A.) The letters further state "[t]he account indicated above has been placed with this office for collection. A listing of the separate accounts included in our file is attached showing the breakdown of principal and interest." (*Id.*) Enclosed with these letters are two pages referenced as "a listing of the separate accounts" with the heading "Accounts Receivable Services d/b/a Reliance Recoveries" ("ARS") that contain account information and a breakdown of principal and interest for each account. (*Id.*) This is essentially a list of each time the Kleins received services from Allina, and the charges they incurred for those services. These enclosures show the date June 7, 2017. (*Id.*) The Kleins allege that ARS is a different legal entity from Allina and that Allina sells debts to ARS. (Dina Compl. ¶ 13; Michael Compl. ¶ 12.) The Kleins also allege that Allina sold the Kleins' debt to ARS, or in the alternative, that Allina did not do so. (Dina Compl. ¶ 14–15; Michael Compl. ¶ 13–14.) Depending on which version is true, the Kleins advance different theories of harm. (*Id.*)

In 2005, Allina entered into an agreement ("AG Agreement") with the Minnesota Attorney General's Office to change its patient billing and medical debt collection practices. (Dina Compl. ¶ 16; Michael Compl. ¶ 15.) The AG Agreement was renewed in 2007, 2012, and 2017. (*Id.*) On June 22, 2012, the AG Agreement was inserted in an order executed by the Ramsey County District Court. (Dina Compl. ¶ 17; Michael Compl. ¶ 16.) The AG Agreement prohibits Allina from commencing legal action against a patient unless "the patient has been given a reasonable opportunity to submit an application for Charity

Care, if the facts and circumstances suggest that the patient may be eligible for Charity Care . . . ." (Dina Compl. ¶ 19; Michael Compl. ¶ 18.) The AG Agreement further requires that Allina serve with any summons and complaint a lawsuit information sheet approved by the Attorney General's Office. (Dina Compl. ¶ 20; Michael Compl. ¶ 19.)

On November 15, 2017, Stewart commenced lawsuits on behalf of Allina against each of the Kleins in Washington County Conciliation Court. (Dina Compl. ¶ 21; Michael Compl. ¶ 20.) The summons and complaints were served on the Kleins. (Dina Compl. ¶ 22; Michael Compl. ¶ 21.) The summons and complaints were not accompanied by a lawsuit information sheet. (Dina Compl. ¶ 24; Michael Compl. ¶ 23.) Stewart's complaint against Dina alleged that she owed $287.92 of interest as allowed by Minn. Stat. § 334.01, in addition to other charges totaling $8,123.18. (Dina Compl. ¶ 27.) Stewart did not seek pre-judgment interest against Michael. A hearing on these cases was set for March 1, 2018. (Dina Answer ¶ 14, Exhibit F; Michael Answer ¶ 13, Exhibit G.) The Kleins each secured a day off work to attend the hearing. (Dina Compl. ¶ 31; Michael Compl. ¶ 26.) The Kleins each incurred out-of-pocket costs in connection with attending the hearing, including lost wages. (Dina Compl. ¶ 36; Michael Compl. ¶ 31.) Before the hearing began, Stewart agreed to dismiss the lawsuit without prejudice to provide the Kleins an opportunity to apply for charity care. (Dina Compl. ¶ 32; Michael Compl. ¶ 27.) In the case of Dina, Stewart also indicated that it would no longer be seeking statutory interest. (Dina Compl. ¶ 32.) The Kleins then brought the instant actions on March 9, 2018, in the case of Dina, and on March 14, 2018, in the case of Michael. (Dina Compl.; Michael Compl.) Stewart then moved for judgment on the pleadings—the motions currently before the Court—in

both cases. (Civ. No. 18-658, Mot. for J. on Pleadings, June 13, 2018, Docket No. 11; Civ. No. 18-710, Mot. for J. on Pleadings, June 13, 2018, Docket No. 15.)

## DISCUSSION

### I. STANDARD OF REVIEW

When reviewing a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the Court applies the same standard of review applied to a motion to dismiss pursuant to Rule 12(b)(6). *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). That is, the Court considers all facts alleged in the complaint as true to determine if the complaint states a claim for "relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court is required to "'accept as true all factual allegations set out in the complaint' and to 'construe the complaint in the light most favorable to the plaintiff [], drawing all inferences in [the plaintiff's] favor.'" *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)).

To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility,'" and therefore must be dismissed. *Id.* (quoting *Twombly*, 550 U.S. at 557).

In addition to the pleadings, the Court may properly consider materials that are necessarily embraced by the pleadings. *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir. 2003)).

## II. THE FAIR DEBT COLLECTION PRACTICES ACT

Although the Eighth Circuit has not recognized specific elements to a violation of the FDCPA, the Court finds that an FDCPA claim must meet three elements: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

In doing so the Court construes the language in 15 U.S.C. §§ 1692d, 1692e, and 1692f that prohibits debt collectors from engaging in activities prohibited by any section of the FDCPA while collecting a debt. The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the

money, property, insurance, or services which are subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). The elements for proving a prima facie case of violation of the FDCPA adopted by this Court thus incorporates into the first element the definition of debt, and its corresponding requirements that the plaintiff be a consumer. The second element incorporates the requirement that the collector in question is a debt collector, as required by all three sections of the FDCPA analyzed here. The third element requires that the defendant's actions violate sections 1692d, 1692e, or 1692f by engaging in activities prohibited by those sections. Other courts have recognized similar elements in proving a prima facie FDCPA violations case. *See Helman v. Bank of America*, 685 Fed.Appx. 723, 726 (11th Cir. 2017); *Weast v. Rockport Financial, LLC*, 115 F.Supp.3d 1018, 1021 (E.D. Mo. 2015); *Reynolds v. Credit Management Services, Inc.*, Civ. No. 8:14CV391, 2016 WL 756469 at *2 (D. Neb. Feb. 25, 2016).

The first two elements are not at issue in this case. The third element—whether the defendant has engaged in an act or omission prohibited by the FDCPA—requires a violation of specific sections of the FDCPA.

"The FDCPA was passed 'to eliminate abusive debt collection practices.'" *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010)). It "prohibits a debt collector from making a 'false, deceptive or misleading representation or means in connection with the collection of any debt,'" *id.* (quoting 15 U.S.C. § 1692e), and "from using 'unfair or unconscionable means to collect or attempt to collect any debt,'" *id.*

(quoting 15 U.S.C. § 1692f). "When evaluating whether a communication is false, deceptive, or misleading, we consider the perspective of an 'unsophisticated consumer.'" *Id.* (quoting *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002)). This standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'" *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000)). "Th[e] standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.* at 317–18.

Dina alleges six violations of the FDCPA, and Michael alleges five violations of the FDCPA by Stewart. Each are discussed below.

### A. Violation of 15 U.S.C. § 1692f(1) by Bringing a Collection Lawsuit to Collect a Debt Not Authorized by Contract or Law

The Kleins allege that Stewart violated 15 U.S.C. § 1692f(1) by bringing a collection lawsuit against them when it was not authorized by law. This section prohibits the "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The Kleins argue that Stewart violated the AG Agreement because Stewart (1) sued Plaintiffs without giving Plaintiffs reasonable time to apply for charity care; and (2) did not provide a lawsuit information sheet with the summons and complaint served on Plaintiffs; both actions violating the AG Agreement. Even accepting as true the allegations that the AG Agreement was violated, Stewart raises two threshold issues: (1) neither Stewart nor the Kleins are

party to the AG Agreement, so an act contrary to the AG Agreement by Stewart is not a breach or violation; and (2) a private agreement, even one that has been incorporated into a consent order, is not a "law" as contemplated by the FDCPA.

In response to Stewart's first point, the Kleins argue that they are not suing to enforce the AG Agreement. Rather, they are suing under a different theory: that a violation of law—here, the AG Agreement—constitutes a violation of the FDCPA, and therefore the cause of action arises from the FDCPA. Plaintiffs cite to *Arroyo v. Solomon & Solomon P.C.*, where the court rejected the argument that because a plaintiff did not have a private right of action to enforce a statute, they could not sue under the FDCPA based on its violation. Civ. No. 99-CV-8302 (ARR) 2001 WL 1590520 (S.D.N.Y. 2001). Although the Court is not bound by *Arroyo*, the case is instructive. A plaintiff who pleads a violation of § 1692f(1) based on an action not "permitted by law" must necessarily plead that another law, not the FDCPA, was violated. That does not make the claim "arise under" that other law. Furthermore, nowhere in § 1692f(1) does it require that the violated law be one that is privately enforceable. Reading such a limitation into the statute would considerably narrow the scope of protections afforded by the FDCPA. This Court declines to do so. As such, the Court will deny Stewart's motion to the extent it argues the Kleins are suing to enforce the AG Agreement and that they lack a private right of action to do so.

With respect to Stewart's second point—that a private agreement incorporated into a consent order is not a "law" under the FDCPA—the Court will allow the Kleins to further develop this theory of their case. Neither party disputes that violations of state law can be the impetus for instituting a federal FDCPA action. For instance, in *Haney v. Portfolio*

*Recovery Assoc., L.L.C.*, the Eighth Circuit held that the plaintiff stated a viable claim under 15 U.S.C. § 1692f(1) based on the defendant's attempt to collect compound interest in violation of Missouri's prejudgment interest statute. *See* 895 F.3d 974, 989 (8th Cir. 2016). Similarly, in *Goetze v. CRA Collections, Inc.*, the court recognized a violation of § 1692f(1) where defendants engaged in collection without first being licensed to collect debts as required by Minnesota law. *See* Civ. No. 15-3169 (MJD/FLN), 2017 WL 5891693 at *3 (D. Minn. 2017).[1]

Unlike the cases above the Kleins plead that the AG Agreement incorporated into a consent order was violated, not a state statute. The AG Agreement is not, contrary to Stewart's argument, merely an agreement between two private parties, neither of whom are party to the instant action. The AG Agreement is an agreement between the state of Minnesota and a private party. The special role of the Attorney General as the state's primary legal officer, and the ability of the Attorney General to represent the people of the state in *parens patriae* requires this Court to look beyond the surface of the agreement and consider whether the Attorney General being party to the agreement confers the force of law on the AG Agreement.

Furthermore, in this unique situation, Allina, Stewart's client, entered into the agreement with the Attorney General to resolve prior collections issues. Thus, the AG Agreement is singularly suited to be considered as a law in this FDCPA case, as it addresses

---

[1] Other district courts have recognized the same principal. *See, e.g.*, *Irwin v. Mascott*, 112 F. Supp. 2d 937, 947 (N.D. Cal. 2000) (finding the FDCPA was violated by a debt collector who sought charges in excess of the charges expressly permitted by California Civil Code § 1719); *Ditty v. Checkrite*, 973 F.Supp. 1320, 1328 (D. Utah 1997) (finding that a violation of Utah law barring collection of fees greater than $15 for dishonored checks could create liability under § 1692f(1)).

the same subject matter. In the interest of promoting compliance with agreements, and good public policy the Court holds that the Kleins have met their burden in pleading a violation of § 1692f(1). The Court will deny Stewart's motion regarding this issue.[2]

### B. Violation of 15 U.S.C. § 1692e By Making a False Representation Regarding Ownership of an Alleged Consumer Debt

The Kleins allege that Stewart violated 15 U.S.C. § 1692e when Stewart sent the July Letter to Plaintiffs and misrepresented who owned their debts. Specifically, the Kleins allege that Stewart violated §§ 1692e, 1692e(2)(A), 1692e(5), (10), and (14) by sending the July 2017 letter with the name "Accounts Receivable Service d/b/a Reliance Recoveries" in the heading of the enclosed list of accounts and including the contact information for ARS. Plaintiffs argue that the July Letter was false and misleading with respect to who owned the debts in question because it suggested that ARS owned the debts.[3] Accordingly, the Kleins contend that Stewart's use of another debt collector's name may confuse the least sophisticated consumer. Whether Stewart's use of ARS's name on

---

[2] Stewart cites to *Pierre v. Midland Credit Management, Inc.*, for the proposition that neither a consent order between a debt collector (Midland) and the Consumer Financial Protection Bureau nor a Federal Trade Commission consent decree that chose not to require certain disclosures of Midland should receive *Chevron* deference. Civ. No. 16 C 2895, *12-13 (N.D. Ill. 2018); s*ee also Harris v. Total Card, Inc.*, Civ. No. 12 C 05461, 2013 WL 5221631 at *7 (N.D. Ill. 2013). This line of cases analyzes the consent orders under the administrative law framework of deference to agency action, going so far as to assess whether Congress granted rulemaking authority to the agencies in question. These cases are inapplicable to the AG Agreement, an agreement between the State of Minnesota and Allina.

[3] Plaintiffs erroneously cite to *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357 (D. Minn. 2013), to support their position. *Hartley* involved a potential flat-rating scheme that would have violated § 1692j. (*Id.* at 370). Flat-rating—a practice prohibited by 15 U.S.C. § 1692j—generally involves a **creditor** using a third party's letterhead to give delinquency letters added intimidation value. *Id.* This is not the practice alleged by Plaintiffs. Plaintiffs merely allege that ARS's name on the list of accounts was confusing, not that they are engaging in an unlawful flat-rating scheme.

the list of accounts was misleading is a factual question, and Plaintiffs have plausibly alleged that it was.

In response to the allegation that the use of ARS's name is misleading, Stewart argues that using ARS's name was an immaterial misrepresentation, and that immaterial misrepresentations have not been held to be violations of the FDCPA. *See Hill v. Accounts Receivable Servs., LLC*, 888 F.3d 343, 346 (8th Cir. 2018) ("The court reasoned that because '[a] statement cannot mislead unless it is material, [] a false but non-material statement is not actionable.'" (citing *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 758 (7th Cir. 2009))). The Kleins contend that courts have recognized that a debtor's inability to determine the identity of a debt collector could have a harmful effect on the debtor, and therefore this misrepresentation is material. *See Boyko v. Am. Int'l Group, Inc.*, Civ. No. 08-2214 (RBK/JS), 2012 WL 2132390 at *6 (D.N.J. 2012) (holding that the inability to determine the identity of a debt collector could have a harmful effect on the debtor, especially if the debtor was less sophisticated); *Grunwald v. Midland Funding LLC*, 172 F.Supp.3d 1050, 1053 (D. Minn. 2016) (holding that misrepresentations as to a debt's ownership could affect the least sophisticated consumer's decisionmaking). Plaintiffs have properly alleged that the inclusion of ARS's name was misleading, and the Court finds that it is unlikely that this misrepresentation is immaterial as a matter of law. Thus, the Court will deny Stewart's motion as to this issue.

### C. Violation of 15 U.S.C. § 1692f(1) by Suing on Behalf of a Party Who Lacked Standing

The Kleins allege, in the alternative to the facts alleged in Part B above, that Allina sold Plaintiffs' debt to ARS, and therefore Allina did not have standing when Stewart sued on their behalf. Thus, Stewart instituted suit where it knew that its client, Allina, did not have standing. The Kleins further allege that Stewart's action against them in conciliation court constituted a violation of § 1692f(1) because the conciliation court action was not permitted by law. Section 1692f(1) prohibits a debt collector from using unfair or unconscionable means to collect any debt, including the "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (15 U.S.C. § 1692f(1)). In *Ferkingstad v. Accounts Receivable Servs., LLC*, an action that involved ARS and Allina collecting a debt from a different consumer, the district court held that ARS bringing a debt collection action against the plaintiff when it did not have a legal right to do so—because ARS did not own the debt—plausibly alleged a violation of the FDCPA. *Ferkingstad v. Accounts Receivable Servs., LLC*, Civ. No. 16-3565 (JNE/BRT), 2017 WL 1373261 at *6 (D. Minn. 2017). The Court agrees with this analysis. Thus, the Court will deny Stewart's motion with respect to this issue.

### D. Violation of 15 U.S.C. §§ 1692e and 1692f(1) by Suing Under an Account Stated Theory in the Absence of a Statement of Account

Plaintiffs argue that Stewart's conciliation court actions were misleading and deceptive because Stewart sued under an account stated theory in the absence of a statement of account. Here, because the conciliation court actions were brought in Minnesota courts, a determination of whether Stewart's actions in those courts were misleading or deceptive

involves analysis of Minnesota law. The Minnesota Supreme Court has not required that an account statement be presented when suing under an account statement theory. *See Bureau of Credit Control, Inc. v. Luzaich*, 163 N.W.2d 317, 319 (Minn. 1968) ("An 'account stated' comprehends a balance struck between the parties on a settlement under circumstances importing a promise of payment on the one side and acceptance on the other."). Moreover, in *Meagher v. Kavli*, the Minnesota Supreme Court held that where there is no mutual agreement that one party will pay the other, a statement of account may substitute for the agreement where the alleged debtor receives such a statement, and retains it for more than a reasonable amount of time without objecting. *Meagher v. Kavli*, 88 N.W.2d 871, 879 (Minn. 1958).

The Minnesota Supreme Court looks to the account statement as proof of the existence of an agreement where there is no acknowledgement by both parties that an agreement exists. The absence of an account statement may confuse unsophisticated consumers in their decisionmaking on how to respond to collection lawsuits. Additionally, in *Jorgensen v. Accounts Receivable Services, L.L.C.*, the plaintiff alleged that ARS instituted an action in conciliation court on an account stated theory, but "never presented any 'statement of account'" and the court found that "this alleges a plausible violation of § 1692e." Civ. No. 16-449 (RHK/SER), 2016 U.S. Dist. LEXIS 185963 at *11-12 (D. Minn. 2016). Any misrepresentation must be material to be actionable under the FDCPA. *See* Part B, *supra*. Stewart argues that its conciliation court actions were not materially false or deceptive despite being inaccurate. Although *Jorgensen v. Accounts Receivable Services, L.L.C.*, ultimately held on summary judgment that using the words "account

stated" in a conciliation court claim and failing to provide the associated statement of account was not materially false or misleading, that decision is not binding here. 250 F.Supp.3d 351, 354 (D. Minn. 2017). While, like in *Jorgensen*, the Kleins may have difficulty demonstrating materiality, they should have the right to try to develop it. Thus, the Court will deny Stewart's motion with respect to this claim.

### E. Violation of § 1692f(1) for Seeking Statutory Interest in the Case of Dina Klein

The Court interprets Dina's Complaint as alleging that Stewart's seeking recovery of statutory interest in its conciliation court case against Dina violated § 1691f(1). Stewart sought statutory interest under Minnesota Statute § 334.01, which provides, "[t]he interest for any legal indebtedness shall be at the rate of $6 upon $100 for a year, unless a different rate is contracted for in writing." Minn. Stat. § 334.01 subd. 1 (2017). Dina, however, argues that § 334.01 does not apply to this case and, instead, that Minnesota Statute § 549.09 applies. Section 549.09 prohibits recovery of prejudgment interest where the award amount is less than $15,000, or the jurisdictional limit for conciliation court cases. Minn. Stat. § 549.09 subd, 1(b)(4) (2017). The parties dispute whether §§ 334.01 or 549.09 applies here.[4] Although the Minnesota Supreme Court has not addressed this issue, the Eighth Circuit held that because the text of § 334.01 does not prohibit the recovery of statutory interest in conciliation court cases, then the fact that a defendant may have a valid

---

[4] Plaintiffs argue that the Minnesota Supreme Court addressed this issue and found that § 549.09 applies in conciliation court cases in *Poehler v. Cincinnati Ins. Co.*, 899 N.W.2d 135 (Minn. July 19, 2017). The court in *Poehler*, however, held that § 549.09 also applied to disputes over insurance claims where no wrongdoing had been shown, not that § 549.09 exclusively applied to conciliation court cases. *Id.* at 141.

legal defense to the application of the statute does not mean that a debt collector attempted to collect interest that is not permitted by law. *See Hill v. Accounts Receivable Servs., LLC*, 888 F.3d 343, 346-47 (8th Cir. 2018). Thus, the Court concludes as a matter of law that the Eighth Circuit does not recognize such a claim as cognizable and will grant Stewart's motion on this issue.

> **F.     Violation of 15 U.S.C. § 1692d for Stewart's Engaging in Harassing, Oppressive, or Abusive Conduct**

Stewart argues that, although the Kleins allege a violation of § 1692d, they have not alleged any facts to support this assertion. Section 1692d prohibits debt collectors from engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statute provides examples of six actions that violate this section, including:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
> (4) The advertisement for sale of any debt to coerce payment of the debt.
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> (6) Except as provided in section 804 [15 U.S.C. § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

The Kleins allege only two attempts to collect by Stewart: the July Letter and the institution of the conciliation court cases against them. Neither state an alleged violation of § 1692d. Accordingly, the Court will grant Stewart's motion on this issue and dismiss the claim without prejudice.

**CONCLUSION**

In summary, the Court will deny Stewart's motion with respect to four of the Kleins' claims of violations based on: (1) Stewart suing in conciliation court in violation of the AG Agreement; (2) Stewart suing in conciliation court without proper standing; (3) Stewart sending the July Letter with ARS's name; and (4) Stewart suing in conciliation court under an account stated theory. The Kleins may proceed with these claims as pleaded.

The Court will grant Stewart's motion with respect to two of the Kleins' claims of violations. First, the Court will dismiss with prejudice the claim regarding Stewart seeking statutory interest in Dina's conciliation court case. Second, the Court will grant Stewart's motion with respect to the Kleins' claims under § 1692e and dismiss this claim without prejudice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Judgment on the Pleadings [Civ. No. 18-658, Docket No. 11; Civ. No. 18-710, Docket No. 15] is **DENIED in part and GRANTED in part** as follows:

a. The motion is **DENIED** as to Plaintiffs' claims for Defendant suing in conciliation court in violation of the AG Agreement;

b. The motion is **DENIED** as to Defendant suing in conciliation court without proper standing;

c. The motion is **DENIED** as to Defendant sending the July Letter with ARS's name;

d. The motion is **DENIED** as to Defendant suing in conciliation court under an account stated theory;

e. The motion is **GRANTED** as to Plaintiffs' claims for harassing, oppressive, or abusive collections conduct, and this claim is dismissed without prejudice; and

f. The motion is **GRANTED** as to Dina Klein's claim for Defendant seeking statutory interest in its conciliation court case against her, and this claim is dismissed with prejudice.

DATED: January 2, 2019　　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court